**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                              No. 98-4634

JESSE GRANT STEVENS, JR.,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Elkins.
Robert Earl Maxwell, Senior District Judge.
(CR-97-9)

Submitted: March 23, 1999

Decided: May 3, 1999

Before NIEMEYER and WILLIAMS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

_____

**COUNSEL**

Michelle Roman Fox, Elkins, West Virginia, for Appellant. William
D. Wilmoth, United States Attorney, Sherry L. Muncy, Assistant
United States Attorney, Elkins, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Jesse Grant Stevens, Jr., pled guilty to one count of making a false statement to a firearms dealer, see 18 U.S.C.A. § 922(a)(6) (West Supp. 1998), and received a sentence of 92 months imprisonment. He appeals his sentence, arguing that the district court erred in determining his offense level under U.S. Sentencing Guidelines Manual § 2K2.1 (1997), in determining his criminal history, and in deciding against a departure on two grounds urged by Stevens. We affirm in part and dismiss in part.

Stevens bought two rifles and a shotgun on July 15, 1995. In connection with the purchase he stated that he had not been convicted of a felony although he had six burglary convictions and had absconded from supervised probation in Maryland after a conviction for assault with intent to rob. At sentencing, the district court determined that Stevens had an offense level of 24 under USSG § 2K2.1(a)(2) because Stevens had at least two prior felony convictions for crimes of violence. The court also added two criminal history points to Stevens' criminal history score because he committed the instant offense while he was under an outstanding warrant for probation violation issued in Maryland in 1988. See USSG § 4A1.1(d). The district court refused Stevens' requests for departures based on diminished capacity, see USSG § 5K2.13, p.s., and overstated criminal history, see USSG § 4A1.3, p.s.

Stevens argues that the burglary convictions should have been treated as one offense because they all arose from a common scheme or plan[1] and thus were "related cases" under USSG § 4A1.2(a)(2),

_____

[1] All six burglaries were committed within a 2-month period in West Virginia and Pennsylvania. Stevens, his brother, and another man participated in all of them. The modus operandi was the same for each and the stolen goods were all sold to the same buyer.

2

comment. (n.3). He relies on United States v. Breckenridge, 93 F.3d 132, 137-40 (4th Cir. 1996) (holding that five of the defendant's prior offenses which were consolidated for trial were related cases and remanding for findings on whether another offense prosecuted in a different jurisdiction was also related because it was part of a common scheme or plan). However, each of the burglary sentences which received criminal history points under § 4A1.1 and § 4A1.1(f) were properly considered in determining the offense level even though they were related cases. See USSG § 2K2.1(a)(2), comment. (n.5). As the district court noted, Breckenridge did not address the application of § 2K2.1; rather, it concerned only the calculation of the defendant's criminal history.

Stevens also contends that, because Maryland made no attempt to execute the warrant for ten years, giving him two criminal history points amounts to a denial of due process. Under Application Note 4 to § 4A1.1, a defendant who commits the instant offense while a probation violation warrant is outstanding is deemed to be under a criminal justice sentence if the prior sentence is otherwise countable, even if the sentence would have expired absent the warrant. See also USSG § 4A1.2(m) (same). Stevens was placed on two years supervised probation on December 19, 1986, in Frederick County, Maryland. In 1988, he was convicted and sentenced for the six burglaries he committed in West Virginia and Pennsylvania. Because he had absconded from supervision in Maryland and had committed new crimes, a probation violation warrant was issued.

Stevens relies on United States v. Camilo, 71 F.3d 984 (1st Cir. 1995), in which the First Circuit noted that "[d]ue process requires that a warrant for a probation violation be executed within a reasonable time after issuance," and speculated that"[a] similar requirement may exist under § 4A1.2(m)." Camilo, 71 F.3d at 988 n.7 (internal citation omitted). However, Camilo held that the defendant could not argue that the warrant was stale when the delay in execution was caused "in significant part" by his wrongful conduct, namely, moving to another state without notifying the probation office and using a number of aliases. Id. at 988-89. See also United States v. Elmore, 108 F.3d 23, 27 (3d Cir. 1997) (points should be added for outstanding warrant even if it is stale under state law and state authorities have been lax in attempting to execute warrant) (citing Camilo). In this

3

case, although Stevens did not use aliases, he left Maryland before his period of supervision was over, apparently without notifying Maryland authorities. We find that both Elmore and Camilo support the district court's decision to award two points under § 4A1.1(d) and that no error occurred.

Finally, the district court's decision not to depart on either ground urged by Stevens is not reviewable on appeal. See United States v. Bayerle, 898 F.2d 28, 31 (4th Cir. 1990). We therefore dismiss that portion of the appeal.

The sentence is accordingly affirmed. We deny Stevens' motion for leave to file a supplemental brief.[2] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART, DISMISSED IN PART
_____

[2] While this appeal was pending, Maryland dismissed the probation violation charge. We do not find the dismissal significant to the resolution of the issue raised in the appeal.

4